UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED CENTRAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-824-SEB-DML |
| | ) | |
| G&G HOTEL DEVELOPMENT, LLC, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**Entry Concerning Selected Matters**

This is a real property foreclosure action in which plaintiff United Central Bank seeks foreclosure of a mortgage upon real estate on which there is a hotel operating. An Order appointing receiver was issued on January 7, 2011. The plaintiff reports that the receiver entered into and took possession of the real estate and assets subject to the terms of the Order Appointing Receiver on June 21, 2011.

Having considered such matters and the other matters referred to herein, and being duly advised, the court makes the following rulings:

1. Gurinderjit Singh Purewal, one of the eleven named defendants, has objected to the Order appointing receiver and to certain acts undertaken by the receiver. Mr. Purewal filed a motion for amended order of receivership [44] and motion for contempt [43] on his own behalf and also on behalf of defendant G&G Hotel Development. But because G&G is a limited liability company it can participate in the litigation only if represented by a licensed attorney. See Local Rule 83.5(c); 28 U.S.C. § 1654; *United States v. Hagerman*, 545 F.3d 579 (7th Cir. 2008). Similarly, Purewal Enterprises Pvt Ltd, a Washington state corporation, may only litigate in a federal court if it is represented by a lawyer licensed to practice in that court. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985). Mr. Purewal is not an attorney and therefore he may not file documents on behalf of G&G or Purewal Enterprises. Filings ostensibly on behalf of G&G and Purewal Enterprises are therefore of **no effect.**

2. The motion for amended order of receivership [44], motion for contempt [43], and request for relief made in the letter dated July 14, 2011 [49] are **denied** because there are no facts alleged to support a claim that Mr. Purewal's personal property has been confiscated by the receiver in a manner which is not in compliance with the court's order of receivership and there are no facts presented which would warrant the requested stay of proceedings.

3. If Mr. Purewal wishes to pursue a similar avenue of relief in the future, he must list with **specificity** what property was taken from him **personally** and how that taking was outside the scope of the order appointing receiver. The plaintiff will then have the opportunity to respond.

4. Mr. Purewal has not filed an answer or other responsive pleading in this action. His failure to do so could result in the Entry of default by the Clerk and ultimately a default judgment. Mr. Purewal shall have **through September 15, 2011**, in which to file his overdue answer or responsive pleading.

**IT IS SO ORDERED.**

Date: 08/22/2011

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Harley K Means
KROGER GARDIS & REGAS LLP
Email: hkm@kgrlaw.com

Jay P. Kennedy
KROGER GARDIS & REGAS LLP
Email: jpk@kgrlaw.com

Michael J. Faley
SCHUYLER ROCHE & CRISHAM
Email: mfaley@srcattorneys.com

Carina M. de la Torre
The de la Torre Law Office LLC
Email: carina@dltlawoffice.com

Gurinderjit Singh Purewal
1810 N. Riley Highway
Shelbyville, IN 46176